SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
THOMAS WALSH (SBN: 311862)
twalsh@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3193
Facsimile: (415) 986-8054

Attorneys for Defendant Kia Motors America, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE FERGUSON and SUSAN NELSON, | CASE NO. |
| Plaintiff | **DEFENDANT'S NOTICE OF REMOVAL** |
| vs. | Complaint Filed in Sacramento County Superior Court on May 6, 2020 |
| KIA MOTORS AMERICA, INC. | |
| Defendants. | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant KIA MOTORS AMERICA, INC. ("**KIA**"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, based on federal question jurisdiction, and the claims pending as Case No. 34-2020-00277953 of the Superior Court of California, County of Sacramento. In support of this removal, KIA states as follows:

### I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Sacramento by Plaintiffs BONNIE FERGUSON and SUSAN NELSON (collectively, "**Plaintiffs**") against KIA, entitled *Bonnie*

*Ferguson, et. Al. v. Kia Motors America, Inc.*, Case No. 34-2020-00277953 (the "**State Action**"). The named Defendant is KIA.

2. Plaintiffs filed the State Action on May 6, 2020, asserting breach of written and implied warranty under Federal Magnuson-Moss Warranty Act (Counts I and II, respectively), breaches of California's Song-Beverly Consumer Warranty Act (Count III and IV). (*See* Complaint.)

## II.   PROCEDURAL REQUIREMENTS

3. Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). KIA received notice of this matter after it was served with a copy of the Complaint on May 15, 2020. It was on this date that KIA recognized this matter was removable to Federal Court. A copy of the Retail Installment Sale Contract ("**RISC**") from which counsel for KIA was able to ascertain the amount in controversy was attached to Plaintiffs' Complaint. (Compl. at Exh. A.)[1]

4. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since May 15, 2020 has not elapsed. Accordingly, this Notice of Removal is therefore timely filed.

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in KIA's possession are contained in **Exhibit A-B** filed herewith.

6. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place in which the State Action has been pending.

///

///

---

[1] The RISC attached to Plaintiffs' Complaint is not legible. However, Plaintiffs' counsel sent a legible copy of the RISC, via e-mail, to provide a legible copy of the exhibit attached to the Complaint. A true and accurate copy of the legible image of the RISC is attached hereto as "**Exhibit C**."

7. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Sacramento promptly after filing of same in this Court.

8. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

9. If any question arises as to the propriety of the removal of this action, KIA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of KIA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III.     THE FEDERAL QUESTION REQUIREMENT IS MET

11. This action may be removed to this court pursuant to 28 U.S.C. § 1441(a) because the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C.§ 1331. Specifically, Plaintiffs' complaint asserts a claim against KIA under 15 U.S.C. § 2301 et seq. (the "Magnuson-Moss Warranty Act"). (*See*, Compl. ¶¶20-37.)

12. This Court has recently held that claims under the Magnuson-Moss Warranty Act may be removed "if the amount in controversy exceeds $50,000." *Gurevich v. BMW of N. Am., LLC* (CD Cal., Nov. 16, 2017) 2017 U.S. Dist LEXIS 190803*5, 2017 WL 5514494 (citing to the Magnuson-Moss Warranty Act).[2] This

---

[2] This Court, in *Gurevich*, denied plaintiff's Motion to Remand without hearing or need for argument.

Court, in *Gurevich*, also concluded that additional claims brought in the same action under Song-Beverly may be removed under supplemental jurisdiction. (*Id.* at *7 ([t]he fact that Plaintiff may view the Magnuson-Moss claims as 'supplemental' or inferior to his state law claims does not change the fact that, as the 'master of the claim,' he elected to include those federal question claims in his Complaint.")

13. On its face, Plaintiffs' complaint calls a federal question. (*See*, Compl. ¶¶20-37.) The only question that remains is whether the claims brought by Plaintiffs exceed the $50,000 minimum. As discussed in detail below, the amount in controversy not only meets $50,000 minimum requirement, but also *exceeds* the $75,000 requirement in 28 U.S.C. §1332. Therefore, this Court has federal jurisdiction over Plaintiffs' Magnuson-Moss claims and supplemental jurisdiction over the remainder of Plaintiffs' causes of action.

### IV.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

14. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. (*See* 28 U.S.C. §1332.)

15. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

16. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006)

---

(*Gurevich,* at *1.)

4
DEFENDANT'S NOTICE OF REMOVAL

(internal citation omitted).  But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount.  Absent the facial showing from the complaint, the court may consider facts averred in the removal petition.  *Id.*  Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Ibarra*, 775 F.3d at 1195.  At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding."  *Abrego*, 443 F.3d at 691 (internal citation omitted).

17. KIA disputes that it is liable for any damages whatsoever to Plaintiffs.  Nevertheless, KIA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied.  *Id.*

18. In the case at bar, the Plaintiffs seek monetary damages and statutory relief.  This is a products liability case.  Plaintiffs allege breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*), and the Federal Magnuson-Moss Warranty Act.  (*See generally*, Compl.).

19. Plaintiffs allege that on August 17, 2016, they purchased a 2016 Kia Optima ("**Subject Vehicle**"), and it was delivered with, and later developed, "various defects". (Compl., ¶¶ 3, 6).  Plaintiffs allege they presented their vehicle for repairs on multiple occasions and further allege the "defects have substantially impair the value" of the Subject Vehicle  (Compl. ¶12.)

20. Plaintiffs allege "[t]he price of the [Subject Vehicle], including sales tax, registration charges, document fees and other collateral charges, such as back

and finance charges totaled ***more than*** $34,498.50." (Compl. ¶4 (emphasis added).)

21.     Plaintiffs allege they are entitled to relief under the Song-Beverly Act and Magnuson-Moss Act including: attorney's fees, restitution, reimbursement of the price paid for the vehicle, costs, expenses, all incidental, consequential, and general damages, as well as a civil penalty of up to two times the amount of actual damages (Cal. Civ. Code §1794(c).).  (*See generally,* Compl.)

22.     The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The amount in controversy also includes reasonable estimates of attorney's fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

23.     The Song-Beverly Act allows for the recovery of attorney's fees. If Plaintiffs were to prevail on his Song-Beverly claims, they could be awarded damages of $75,000.00 or more if awarded statutory civil penalties and attorney's fees. The total purchase price of $34,498.50, plus $68,997.00 as a 2X civil penalty pursuant to the Song-Beverly Act, totals $103,495.50.[3] Even without adding awards to reasonable attorney fees which a party is entitled to under the Song-Beverly Act; it is more likely than not that, the amount in controversy exceeds $75,000.

24.     Thus, the total amount in controversy therefore exceeds $75,000.00. The amount in controversy is satisfied. (Hugret Decl., ¶¶5-6; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

///

---

[3] Civil penalties are calculated by doubling the amount of the damages alleged in Plaintiffs' Complaint ($34,498.50), then adding the civil penalty calculation to the amount of alleged damages).

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## V. CONCLUSION

25.  Consequently, the State Action may be removed to this Court by KIA in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action involves a federal question, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: June 15, 2020                         Respectfully submitted,

                                             */s/ Spencer P. Hugret*

                                             SPENCER P. HUGRET (SBN: 240424)
                                             shugret@grsm.com
                                             THOMAS WALSH (SBN: 311862)
                                             twalsh@grsm.com
                                             GORDON REES SCULLY MANSUKHANI, LLP
                                             275 Battery Street, Suite 2000
                                             San Francisco, CA 94111
                                             Telephone: (415) 875-3193
                                             Facsimile: (415) 986-8054

                                             Attorneys for Defendant
                                             KIA MOTORS AMERICA, INC.

7
DEFENDANT'S NOTICE OF REMOVAL