UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bonnie Ferguson et al., | No. 2:20-cv-01192-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| Kia Motors America Inc., | |
| Defendant. | |

Plaintiffs Bonnie Ferguson and Susan Nelson sued defendant KIA Motors America, Inc. (KIA) in state court. KIA removed the case to this court asserting federal question jurisdiction and supplemental jurisdiction over plaintiffs' remaining state law claims. Plaintiffs move to remand[1] alleging defendants cannot carry their burden to demonstrate a sufficient amount in controversy to meet the threshold required for federal question jurisdiction. **The motion is denied**.

---

[1] The court notes plaintiffs did not attempt to meet and confer prior to filing this motion. *See* Opp'n at 1, ECF No. 9. Prior to filing a motion in a case where parties are represented by counsel, counsel must engage in a meet and confer to discuss the motion. Civil Standing Order at 3, ECF No. 2-1. While the court has resolved this motion it cautions counsel that future failures to meet and confer as required may lead the court to reject the filing of a motion or deny it, or other sanctions as appropriate.

## I.    BACKGROUND

### A.    Factual Allegations

On August 27, 2016, plaintiffs purchased a 2016 KIA Optima (Optima) from the manufacturer, KIA. *See* Compl. ¶ 3, ECF No. 1-3. In exchange for the car and several warranties, plaintiffs paid "more than $34,498.50," inclusive of sales tax, registration charges, and other finance charges. *Id.* ¶¶ 4–5. Plaintiffs experienced a variety of problems with the car shortly thereafter. *Id.* ¶ 6. Specifically, the air conditioner did not blow cold air, the engine leaked oil, the vehicle died while driving or entered "limp mode," and the check engine light came on. *Id.* ¶ 8. These malfunctions violated KIA's express written warranties to plaintiffs. *Id.* ¶ 7. Plaintiffs then brought in the Optima for repairs at an appropriate dealership, but neither KIA nor its authorized dealers repaired the car within a "reasonable number of attempts." *Id.* ¶¶ 8–10. As a result, plaintiffs revoked acceptance of the Optima in writing on October 24, 2019. *Id.* ¶ 14.

### B.    Procedural History

In May 2020, plaintiffs filed this lawsuit in state court. Summons, ECF No. 1-3. Their complaint includes four claims: breach of express and implied warranties under the federal Magnuson-Moss Warranty Act (Magnuson-Moss Act) (counts one and two) and breach of express and implied warranties under the California Song-Beverly Consumer Warranty Act (Song-Beverly Act) (counts three and four). Compl. ¶¶ 20–50. Plaintiffs do not allege a specific amount in damages, but do seek return of all monies paid or alternatively damages under California Commercial Code section 2714,[2] as well as all incidental damages, consequential damages, reasonable attorneys' fees, witness fees and other litigation costs. *See id.* at 7, 12. In count three, plaintiffs also seek civil penalties under California Civil Code section 1794(c) for violating express warranties. *Id.* ¶ 42.

In June 2020, KIA timely removed this action to this court. *See* Notice of Removal (Removal), ECF No. 1. Defendant argued plaintiffs' complaint "calls a federal question" as plaintiffs brought two federal claims under the Magnuson-Moss Act and the amount in

---

[2] Some courts describe these damages as "benefit of the bargain" damages. *See, e.g., Victorino v. FCA US LLC,* 326 F.R.D. 282, 303 (S.D. Cal. 2018) (collecting cases).

2

controversy exceeds $50,000 as the Act requires for federal jurisdiction to adhere. Mot. at 3–4; *see* 15 U.S.C. § 2310(d)(3)(B) (permitting federal jurisdiction as long as amount in controversy is $50,000, among other requirements). Additionally, defendants contend this court has supplemental jurisdiction over the remaining state law claims. *Id.* at 4 (implying this court has supplemental jurisdiction because damages exceeded $75,000); Opp'n Mot. to Remand (Opp'n) at 4, ECF No. 9 (acknowledging supplemental jurisdiction exists where Song-Beverly Act claims "arose from a common nucleus of operative facts").

Plaintiffs move to remand based on their position that damages do not exceed $50,000 and this court therefore does not have jurisdiction over this action. Mot. to Remand at 3–4, ECF No. 6. KIA opposes, Opp'n, and the matter was submitted on the papers, *see* E.D. Cal. L.R. 230(g).

## II. LEGAL STANDARD

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove a matter to federal court if the district court would have original jurisdiction. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Claims filed under the Magnuson-Moss Act may trigger federal jurisdiction. *Milicevic v. Fletcher Jones Imports, Ltd.,* 402 F.3d 912, 917 (9th Cir. 2005). Consumers may bring suit under the Magnuson-Moss Act when they were "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act], or under a written warranty, implied warranty, or service contract." *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005) (citing 15 U.S.C. § 2310(d)(1)). A district court may only have jurisdiction "[i]f the amount in controversy is [equal to or more] than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims" in the suit, among other qualifiers not at issue here. 15 U.S.C. § 2310(d)(3).

A defendant's initial burden in establishing the amount in controversy for removal purposes is minimal: even a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" can suffice. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 554 (2014) (quoting 28 U.S.C. § 1446(a)). Where it is "unclear or ambiguous from

3

the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Services of California., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)). In determining the amount in controversy, courts may "consider allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). The court must "accept[] the allegations contained in the complaint as true and assume[] the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines*, Inc., 692 F. App'x 806, 807 (9th Cir. 2017) (mem. dispo.). District courts may consider requests for treble damages, attorney's fees, and punitive damages when determining the amount in controversy. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

### III. ANALYSIS

As noted, plaintiffs have not pled a specific amount of monetary damage on the face of the complaint. *See generally* Compl. Therefore, defendants bear the burden of establishing the amount in controversy exceeds $50,000 by a preponderance of the evidence.

Defendants make two arguments. First, defendants point to the price of the vehicle, inclusive of all costs, which totals "more than $34,498.50," as well as plaintiffs' requests for relief, as evidence the total amount in controversy exceeds $50,000. Removal ¶¶ 20, 21 (summarizing plaintiff's requests for relief, including restitution, attorney's fees, reimbursement of price paid for vehicle, expenses, consequential damages, incidental damages, and civil penalties allowed for in Song-Beverly Act). Second, defendants propose a baseline calculation of damages, which includes a doubled civil penalty as permitted by the Song-Beverly Act. *Id.* at 6.

District courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy, taking into account a plaintiff's pleadings. On the one hand, many district courts do not require the defendant to provide evidence beyond pointing to claims arising under the Act in the complaint. *See, e.g., Modiano v. BMW of*

4

*N. Am. LLC*, No. 21-00040, 2021 WL 973566, at *3 (S.D. Cal. Mar. 16, 2021) (collecting cases in Southern District); *Phillips-Harris v. BMW of N. Am., LLC,* No. 202466, 2020 WL 2556346, at *6 (C.D. Cal. May 20, 2020) (collecting cases across that District); *Luna v. BMW of N. Am., LLC*, No. 317-02067, 2018 WL 2328365, at *4 (S.D. Cal. May 22, 2018) (including doubled civil penalty when assessing amount in damages when plaintiffs alleged defendant acted willfully); *Lee v. FCA US, LLC*, No. 165190, 2016 WL 11516754, at *2 (C.D. Cal. Nov. 7, 2016) (including doubled civil penalty in assessing damages in motion to remand). However, some district courts have rejected the inclusion of civil penalties or punitive damages when the defendant has not pointed to specific allegations in the complaint that support an award of punitive damages, or provided further evidence. *See, e.g., Savall v. FCA US LLC,* No. 21-195, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (collecting cases); *Khachatryan v. BMW of N. Am., LLC,* No. 21-1290, 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021) (remanding case to state court where claims arose from $37,731.65 leased BMW, because defendant did not submit evidence regarding size of civil penalties awarded in similar cases); *Ronquillo v. BMW of N. Am.*, LLC, No. 20-1413, 2020 WL 6741317, at *3 (S.D. Cal. Nov. 17, 2020) ("Rather than simply assuming that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting such an award would be appropriate.").

The court finds that inclusion of civil penalties in calculating the amount in controversy in this case is appropriate. Here, plaintiffs allege defendant "willfully violated the provisions of this act [Song-Beverly] by knowing of its obligations to refund or replace Plaintiffs' vehicle," Compl. ¶ 42, and request a civil penalty based on California Civil Code section 1794(c). Assuming plaintiffs will be successful on all their claims under the Song-Beverly Act, as the court must at this stage, plaintiffs could recover a civil penalty up to two times the amount of their

reimbursement or replacement damages. Cal. Civ. Code §§ 1794(c)[3] & (e)[4]; *see Modiano*, 2021 WL 973566, at *3.

Plaintiffs argue the Seventh Circuit case *Gardynski-Leschuck v. Ford Motor Company*, 142 F.3d 955 (7th Cir. 1998), provides the appropriate formulas for calculating damages under the Magnuson Moss Act and the amount in controversy should include neither civil penalties nor attorney's fees. Mot. Remand at 4–6. Plaintiffs request the court determine the amount in controversy solely by utilizing the "cost of cover" damages—"the price of a new car less the value of the used vehicle." *Gardynski-Leschuck,* 142 F.3d at 957. Plaintiffs point to no Ninth Circuit precedent supporting this approach. The Ninth Circuit expressly departed from the Seventh Circuit's reasoning in the *Gardynski-Leschuck* case, in determining whether to include a reasonable estimate of attorney's fees in amount in controversy calculations for purposes of assessing Class Action Fairness Act jurisdiction in a wage and hour class action case; in so departing, the Ninth Circuit held that "the amount in controversy includes *all* relief to which the plaintiff is entitled if the action succeeds" including future attorneys' fees. *See Fritsch*, 899 F.3d at 795 (emphasis in original). In the absence of controlling Ninth Circuit authority, the court joins the district courts within the Circuit concluding defendant may meet its burden by pointing to claims arising under the Song-Beverly Act in the complaint, particularly where, as here, plaintiffs allege willfulness and seek enhanced penalties available under state law.[5]

---

[3] California Civil Code section 1794(c) provides: "If the buyer establishes that the failure to comply was willful, the judgment may include, in addition to the amounts recovered under subdivision (a), a civil penalty which shall not exceed two times the amount of actual damages. This subdivision shall not apply in any class action under Section 382 of the Code of Civil Procedure or under Section 1781, or with respect to a claim based solely on a breach of an implied warranty."

[4] California Civil Code section 1794(e)(1) provides: "Except as otherwise provided in this subdivision, if the buyer establishes a violation of paragraph (2) of subdivision (d) of Section 1793.2, the buyer shall recover damages and reasonable attorney's fees and costs, and may recover a civil penalty of up to two times the amount of damages."

[5] The court's conclusion in this respect is in line with the position it has taken in determining the amount in controversy in other cases not invoking the Magnuson Moss Act. *See, e.g., Duncan v. State Farm Mut. Auto. Ins. Co.*, No. 2:18-CV-01174 KJM AC, 2019 WL 6210931, at *2 ("Punitive damages may be considered in amount in controversy calculations if they are recoverable under state law.").

6

1    Accordingly, the court finds by a preponderance of the evidence, that defendant has met

2    its burden of establishing federal jurisdiction, even if narrowly.  Plaintiffs allege defendant acted

3    willfully and given these allegations, it is fair to consider enhanced damages and reasonable

4    attorneys' fees in assessing amounts in controversy.  *See Fritsch*, 899 F.3d at 795; *Chabner,* 225

5    at 1046 n.3.  Using the original price of the vehicle as a benchmark here as suggested by

6    defendants, $34,498.50, an award of doubled civil penalties would mean plaintiffs could collect

7    as much as $103,395.50.[6]  Compl. ¶ 4; Removal ¶ 23.  This amount does not include a reasonable

8    estimate of attorney's fees or any other damages.  *See Chabner*, 225 F.3d at 1046 n.3.  Plaintiffs

9    approximate damages associated with the car itself of $26,949.50, representing the value they

10   assign to a replacement vehicle minus the value of the defective vehicle as returned to defendant.

11   Mot. to Remand at 7–8.  Even using this lower amount, which may be the better approach, *see*

12   *Millan v. FCA US LLC*, No. 20-328 2020 WL 3604132, at *2 (S.D. Cal. July 2, 2020) (under

13   Song-Beverly Act, plaintiff may recover 'in an amount equal to the actual price paid or payable

14   by the buyer,' reduced by 'that amount directly attributable to use by the buyer.'" (citing Cal. Civ.

15   Code. § 1793.2(d)(B)-(C)), the amount in controversy would still reach $80,848.50,[7] exceeding

16   the $50,000 threshold when including a doubled civil penalty.

17       Defendant has met their burden of demonstrating plaintiffs' claims surpass the

18   jurisdictional threshold for the amount in controversy as required for the court to exercise federal

19   jurisdiction in this case.

20   **IV.    CONCLUSION**

21       Plaintiffs' motion to remand is **denied**.  This order resolves ECF No. 6.

22       IT IS SO ORDERED.

23    DATED: May 18, 2021.

                                        _____
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[6] The court multiplies $34,498.50 by two for the civil penalty, and adds that number to the original vehicle amount to get $103,395.50.

[7] The court multiplies $26,949.50 by two for the civil penalty, and adds that number to the lower estimated vehicle amount to get $80,848.50.